IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL DeFRAIA                                     )
581 Park Drive                                      )
Boston, MA 02215                                    )
                                                    )
         Plaintiff,                                 )
                                                    )   Case No: 18-cv-2183
    v.                                              )
                                                    )
NATIONAL SECURITY AGENCY                            )
9800 Savage Rd., Suite 6272                         )
Ft. George G. Meade, MD 20755                       )
                                                    )
         Defendant.                                 )
_____)

## COMPLAINT

## I.  INTRODUCTION

1.  Plaintiff Daniel DeFraia ("Plaintiff") brings this action seeking declaratory and

injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552 *et. seq*., by Defendant National Security Agency ("NSA") in failing to

provide Plaintiff with all non-exempt records responsive to his September 6, 2017, FOIA

request sent to this federal agency, seeking records regarding investigations into

unauthorized releases of classified information to United States media organization

between the years 1952 to 1976.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

(FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, Daniel DeFraia, is an individual that, at all times relevant herein, has

resided in Boston, Massachusetts.

5.   Defendant National Security Agency is a federal agency of the United States,

and a sub-component of the United States Department of Defense, and as such, is subject

to FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide

copies of all non-exempt agency records to those persons who make a request for records

that reasonably describes the nature of the records sought, and which conform with

agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA

requests that it receives within twenty days (excepting Saturdays, Sundays, and legal

public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about September 6, 2017, Plaintiff sent a FOIA request to the National

Security Agency (NSA), seeking records regarding NSA investigations into the unauthorized release, leak, or disclosure of classified information from October 24, 1952, to December 31, 1976, to U.S. news media organizations.

14. On or about September 19, 2017, NSA sent Plaintiff a letter, confirming receipt of Plaintiff's September 6, 2017, FOIA request, and assigning it case number 102524.

15. On or about December 19, 2017, Plaintiff sent an email to NSA requesting an estimated date of completion for his September 6, 2017, FOIA request.

16. On or about January 17, 2018 NSA sent an email to Plaintiff, stating that the estimated completion date was two years.

17. On or about April 5, 2018, Plaintiff sent a follow-up email to NSA, requesting an update as to the estimated date of completion for his September 6, 2017, FOIA request.

18. On or about April 6, 2018, NSA sent an email to Plaintiff stating that Plaintiff's September 6, 2017, FOIA request was in the agency's FOIA response queue, with an estimated completion date of 24-36 months.

19. As of the date of the filing of this action Plaintiff has not received any of the records which he requested from his September 6, 2017, FOIA request.

## VII. CLAIMS FOR RELIEF

20. Plaintiff realleges, as if fully set forth herein, paragraphs 1-19 previously set forth herein.

21.  Defendant NSA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his September 6, 2017, FOIA request, and by failing to complete an adequate search reasonably calculated to locate all responsive records to this FOIA request.

22.  By failing to provide Plaintiff with all non-exempt responsive record to his September 6, 2017, FOIA request as described in paragraph 13, and by failing to perform an adequate search for responsive records, Defendant NSA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

23.  Unless enjoined by this Court, Defendant NSA will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 13 above.

24. Plaintiff is directly and adversely affected and aggrieved by Defendant NSA's failure to provide responsive records to his FOIA request described above.

25. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

26. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant National Security Agency has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his September 6, 2017, FOIA request.

2. Declare Defendant National Security Agency has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's September 6, 2017, FOIA request.

3. Direct by injunction that Defendant National Security Agency perform an adequate search for records responsive to his September 6, 2017, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's September 6, 2017, FOIA request.

4.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

DATED: This 21st day of September, 2018.

Respectfully submitted,

/s/_____
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**